FILED

2008 FEB 27 PM 3:33

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY ______

JOSHUA D. WAYSER (California Bar No. 152711)
jwayser@lockelord.com
LOCKE LORD BISSELL & LIDDELL LLP
300 S. Grand Avenue, Suite 800
Los Angeles, CA 90071
Telephone: (213) 485-1500; Facsimile: (213) 485-1200

Attorneys for Plaintiff Gregory J. Wolfe

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

GREGORY J. WOLFE, d/b/a WESTERN PAYPHONE SYSTEMS, a California resident,

Plaintiff,

v.

TELECOM HOUSE, INC., a California Corporation; MIRIAM, INC., a California corporation; AARON AMID, a California resident; and UNIDENTIFIED COMPANIES I THROUGH X,

Defendants.

No. CV08-01357 ODW (RZx)

PLAINTIFF'S COMPLAINT FOR UNPAID DIAL-AROUND COMPENSATION; DEMAND FOR A JURY TRIAL

Plaintiff Gregory J. Wolfe, d/b/a Western Payphone Systems ("Wolfe"), complains of Defendants as follows:

## I. INTRODUCTION, JURISDICTION AND SUMMARY OF THE CASE

1. Under 47 U.S.C. § 276(b)(1)(A), 47 C.F.R. §§ 64.1300 et seq., and various orders of the Federal Communications Commission ("FCC") in Common Carrier Docket No. 96-128, Defendants, as carriers of various types of long distance communications, were required to compensate Plaintiff, as a payphone service provider ("PSP"), at the rate prescribed by the Federal Communications Commission ("FCC"), for each and every compensable call, including but not limited to completed access code calls and toll free calls made from a payphone owned by Plaintiff and carried over Defendants' telephone network facilities. Such compensation is referred to herein as "per call compensation." As described below, this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 because Plaintiff's claims, or some of them, arise under the laws of the United States. Further 47 U.S.C. Section 207 provides this Court with subject mater jurisdiction over Plaintiff's claims or some of them.

2. Many compensable calls placed from payphones owned by Plaintiff have been carried over Defendants' telephone network, but Defendants have failed and refused to provide Plaintiff a full accounting of such calls, and have failed and refused to pay Plaintiff the full amounts of payphone compensation required to be paid under federal law, despite Plaintiff's demands. Plaintiff seeks an accounting of the amounts of payphone compensation owed by Defendants for all compensable calls, and judgment for such amounts, interest, costs, and attorneys' fees as provided by law.

///

///

///

## II. PARTIES

3. At all relevant times, plaintiff Gregory J. Wolfe was a payphone service provider living in Ojai, California. At all relevant times, Mr. Wolfe was doing business under the business name of "Western Payphone Systems."

4. Plaintiff is informed and believes and, on that basis, alleges that Defendant Telecom House, Inc. is a California corporation with its principle place of business in California.

5. Plaintiff is informed and believes and, on that basis, alleges that Defendant Miriam, Inc. is a California corporation with its principle place of business in California and is owned by defendant Telecom House, Inc. and/or defendant Aaron Amid.

6. Defendant Aaron Amid is a California resident. Plaintiff is informed and believes and, on that basis, alleges that Mr. Amid operated Miriam, Inc. as a shell corporation for his personal benefit and/or for the benefit of defendant Telecom House, Inc. On information and belief, there was a unity of interest and ownership between Miriam, Inc., Telecom House, Inc. and/or Mr. Amid. In addition, if the acts complained of are treated as those of Miriam, Inc. alone, there will be an inequitable result.

7. Unidentified Companies I through X are subsidiaries or affiliates of Defendants Telecom House, Inc. and/or Miriam, Inc. Inasmuch as Defendants may attempt to blame other entities, including their own clients, for the payphone compensation due to Plaintiff, as alleged herein, Plaintiff reserves the right to amend its complaint to specifically name such responsible parties, upon ascertainment of the identity thereof.

8. As used hereinafter, the term "Defendants" refers to Telecom House, Inc., Miriam, Inc. and Aaron Amid.

9. Defendants do business in California and elsewhere in the United States.

10. Defendants are either an interexchange carrrier ("IXC") or a switch-based reseller ("SBR"), as defined in the FCC's Orders and Regulations. As such, Defendants are subject to regulation by the FCC under Title 47, U.S.C.

11. Defendants provide various telecommunications services to the public through their communications network(s) that are accessible from California and elsewhere in the United States. Such services include the carriage over Defendants' telecommunications network of various types of calls placed from payphones, such as access code calls (calls made by first accessing Defendant's network through dialing a code number) and toll free calls (calls to a number, typically dialed in the pattern 1-800-xxx-xxxx, 1-877-xxx-xxxx, or 1-888-xxx-xxxx, for which the subscriber has previously agreed to pay the toll charges).

## III. JURISDICTION AND VENUE

12. As stated above, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims—or some of them—arise under the laws of the United States. Further, 47 U.S.C. § 207 provides this Court with subject matter jurisdiction over Plaintiff's claims—or some of them.

13. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b) and 1391(c) because Defendants are subject to personal jurisdiction in this district and are deemed to reside in this district.

## IV. FACTS

14. As a PSP, Plaintiff makes his payphones available to the public to enable persons to make telephone calls. Plaintiff receives compensation for

some types of payphone calls through direct payment by the caller (e.g. through the deposit of coins into the payphone) or through commission payments from Plaintiff's presubscribed carrier (the carrier to which 0+ calls are automatically routed by agreement between Plaintiff and such carrier). However, a substantial portion of calls placed from Plaintiff's payphones can be and are made without any compensation to Plaintiff from the caller or from Plaintiff's presubscribed carrier. Such calls include access code calls and toll free calls (all of which shall be referred to hereinafter as "coinless" calls) that are initiated from Plaintiff's payphones and are routed over various carriers' telecommunications networks and facilities, including those of Defendants. For coinless calls, the IXC and/or SBR receives payment through various means, including the use of calling cards, credit cards, debit cards, prepaid cards, payments from switched and/or switchless, and calls billed to another party (e.g., collect, third party, and toll free calls). Plaintiff is prohibited by law from blocking such calls from their payphones.

15. In February, 1996, Congress enacted the Telecommunications Act of 1996 (the "Act"). In relevant part, the Act directed the FCC to prescribe regulations that "establish a per call compensation plan to ensure that all independent payphone service providers are fairly compensated for each and every completed intrastate and interstate call using their payphone, except that emergency calls and telecommunications relay service calls for hearing disabled individuals shall not be subject to such compensation." 47 U.S.C. § 276(b)(1)(A).

16. Pursuant to the Act, the FCC has promulgated regulations and has issued orders that require carriers and/or SBRs, including Defendants, to pay payphone compensation to PSPs, such as Plaintiff, for all completed coinless

calls made from a payphone where the caller utilizes a carrier/reseller other than the payphone's presubscribed carrier.

17. Pursuant to the Act, the FCC has issued orders establishing the default per call compensation rate (i.e. the rate that applies in the absence of an express contract between the PSP and the carrier) at $0.494 per call for all compensable calls made from and after September 27, 2004.

18. Pursuant to the Act, the FCC has promulgated regulations and has issued orders requiring each carrier and/or SBR, including Defendants, to track (or arrange for the tracking of) and pay for each compensable coinless call carried over its network. Under the FCC's regulations and orders, for all calls at issue here that were placed from Plaintiff's payphones, Defendants were obligated to track (or arrange for the tracking of) and pay for each compensable call.

19. Pursuant to FCC regulations, carriers and resellers, including Defendants, are required to remit payment of payphone compensation to PSPs on a quarterly basis.

20. Many compensable coinless calls have been made from the payphones operated by the Plaintiff, which calls have been routed from Plaintiff's payphones to Defendants or their contracted underlying facilities-based carrier who in turn routed the call to Defendants.

21. Plaintiff, for himself and also through his agent, PSP Processing, LLC, has submitted demands to Defendants for payment of the payphone compensation owed to him, in the form of invoices and demand letters relating to the unpaid dial-around compensation.

22. Defendants have failed to track any compensable calls placed from Plaintiff's payphones as required by regulations and orders of the FCC.

23. Defendants have failed and refused to pay the payphone compensation owed to Plaintiff for the periods for which Plaintiff has submitted his invoices, in amounts to be proven at trial. The current calculation of unpaid compensable calls is outlined on the spreadsheet attached as Exhibits A.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF 47 U.S.C. § 201(b)

24. Plaintiff realleges paragraphs 1 through 24.

25. Under the FCC's regulations and orders, for all calls at issue here that were placed from Plaintiff's payphones after July 1, 2004, Defendants were obligated to track (or arrange for the tracking of) and pay for each compensable call.

26. Defendants' failure to track compensable calls as well as Defendants' failure to pay the payphone compensation owing, constitute unjust or unreasonable practices and/or an omission to do what the FCC orders and regulations require Defendants to do, which is unlawful under 47 U.S.C. § 201(b).

27. Plaintiff has suffered substantial damages as a proximate result of Defendants' unlawful acts and/or omissions, as alleged herein, the precise amount of which will be shown at trial.

28. The FCC has required that a responsible carrier/SBR that fails to pay the full amount of payphone compensation by the required due date must pay interest on the unpaid balance at an annual interest rate of 11.25%. Accordingly, Defendants owe Plaintiff pre-judgment interest on the unpaid payphone compensation at 11.25%, beginning 90 days after the end of the quarter for which compensation is owing. Alternatively, Defendants owe

Plaintiff pre-judgment interest at the maximum rate permitted under applicable state law.

29. Defendants are liable for Plaintiff's reasonable attorneys' fees under 47 U.S.C. § 206.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

30. Plaintiff realleges paragraphs 1 through 30.

31. By permitting callers to use Plaintiff's payphones to place calls over Defendants' networks, Plaintiff has performed services impliedly requested by Defendants, and has conferred an economic benefit on Defendants, which Defendants have willingly accepted, in that by completing calls received from Plaintiff's payphones, Defendants have earned substantial revenue and profits from such calls.

32. Defendants knew or should have known that by accepting, transporting, and completing calls placed from Plaintiff's payphones, they were receiving an economic benefit in the form of revenues and profits received by reason of such calls, and that Plaintiff expected and was entitled to be compensated for such calls.

33. By receiving the economic benefits of calls placed from Plaintiff's payphones without compensating Plaintiff, Defendants have been unjustly enriched at the expense of Plaintiff.

34. Defendants should be equitably required to compensate Plaintiff for the reasonable value of the services performed by Plaintiff that have benefited Defendants.

///

///

35. Defendants are liable to Plaintiff for the reasonable value of the benefits conferred on Defendants, plus prejudgment interest thereon at the maximum rate allowed by law, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## IMPLIED CONTRACT

36. Plaintiff realleges ¶¶ 1 through 36.

37. By making his payphones available to members of the general public, Plaintiff impliedly offered the use of his payphones by customers of Defendants to place calls over Defendants' networks, thus enabling Defendants to reap the benefits of providing their own customers with the ability to place calls from Plaintiff's payphones. Such benefits included the revenue and profits derived from such calls, as well as the good will generated by providing a convenient service to Defendants' customers. Plaintiff offered such service on the condition and in the expectation that Defendants would compensate Plaintiff at the rates established by the FCC, and under the conditions set by the FCC, including but not limited to the payment of interest on unpaid payphone compensation.

38. By accepting, transporting, and completing calls made from Plaintiff's payphones by Defendants' customers, Defendants impliedly accepted Plaintiff's offer of service.

39. Plaintiff provided adequate consideration to Defendants, by making his payphones available for Defendants' customers to place coinless calls for which Plaintiff would receive no compensation from Defendants' customers, yet the payphones would be unavailable for use by paying customers while in use by Defendants' customers during such coinless calls. In addition, by making his payphones available for use by Defendants' customers, Plaintiff conferred an

economic benefit on Defendants, enabling Defendants to receive the revenue and profits from coinless calls placed by Defendants' customers.

40. As a result of the foregoing, an implied contract was created between Plaintiff and each Defendant whose customers used Plaintiff's payphones to place calls that were accepted, transported, and completed by the Defendants.

41. Defendants have breached the implied contracts by failing to pay the full amount of compensation owing.

42. Plaintiff is entitled to damages for breach of the implied contracts, plus interest thereon at the rate set by the FCC or at the highest rate allowed by state law, and reasonable attorneys' fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the First Cause of Action, for damages proximately resulting from Defendants' unjust and unreasonable practices as alleged herein, the exact amount of which will be proven at trial, together with prejudgment interest at the maximum rate and for the maximum period allowed by law, reasonable attorneys' fees, costs of court, and such further relief as the Court deems just.

2. On the Second Cause of Action, for the reasonable value of the economic benefits conferred on Defendants by Plaintiff as alleged herein, which will be established at trial, together with prejudgment interest at the maximum rate and for the maximum period allowed by law, reasonable attorneys' fees, costs of court, and such further relief as the Court deems just.

3. On the Third Cause of Action, for damages for breach of implied contract, measured by the rates set by the FCC for payphone compensation,

together with prejudgment interest at the maximum rate and for the maximum period allowed by law, costs of court, reasonable attorneys' fees, and such other relief as the Court deems just.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues that may be tried to a jury.

DATED this 25th day of February, 2008.

LOCKE LORD BISSELL & LIDDELL LLP

By ______________________
Joshua D. Wayser, CBA #152711
Attorneys for Plaintiff
Gregory J. Wolfe d/b/a Western Payphone Systems

# EXHIBIT "A"

# EXHIBIT A

| Bill Period | #Calls | Rate | | Due | Paid | 11.25% | |
|---|---|---|---|---|---|---|---|
| 4Q2005 | 2497 | $ | 0.49 | $ 1,233.52 | $0.00 | $ 265.98 | $ 1,499.50 |
| 1Q2006 | 9860 | $ | 0.49 | $ 4,870.84 | $0.00 | $ 913.28 | $ 5,784.12 |
| 2Q2006 | 3664 | $ | 0.49 | $ 1,810.02 | $0.00 | $ 288.47 | $ 2,098.49 |
| 3Q2006 | 1567 | $ | 0.49 | $ 774.10 | $0.00 | $ 101.60 | $ 875.70 |
| | | | | | | Total Due | $ 10,257.80 |

Joshua D. Wayser (SBN 152711)
LOCKE LORD BISSELL & LIDDELL, LLP
300 South Grand Avenue, Suite 800
Los Angeles, CA 90071
Ph: (213) 485-1500/Fax (213) 485-1200
jwayser@lockelord.com
Attorneys for Plaintiff GREGORY J. WOLFE dba WESTERN PAYPHONE SYSTEMS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY J. WOLFE, dba WESTERM PAYPHONE SYSTEMS, a California resident<br>PLAINTIFF(S)<br>v.<br>TELECOM HOUSE, INC., a California Corporation; MIRIAM, INC., a California corporation; AARON AMID, a California resident; and UNIDENTIFIED COMPANIES I THROUGH X,<br>DEFENDANT(S). | CASE NUMBER<br>CV08-01357ODW (RZx)<br><br>**SUMMONS** |

TO:DEFENDANT(S): _____

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Joshua D. Wayser, whose address is 300 South Grand Ave, Suite 800, Los Angeles, CA 90071. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 27 2008

By: NATALIE LONGORIA
Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GREGORY J. WOLFE, dba WESTERN PAYPHONE SYSTEMS, a California resident

**DEFENDANTS**
TELECOM HOUSE, INC., a California Corporation; MIRIAM, INC., a California corporation; AARON AMID, a California residnet; and UNIDENTIFIED COMPANIES I THROUGH X

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Los Angeles

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua D. Wayser (SBN 152711)
LOCKE LORD BISSELL & LIDDELL, LLP
300 South Grand Avenue, Suite 800
Los Angeles, CA 90071

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** 10,257.80

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. Section 276(b)(1)(A), 47 C.F.R. Sections 64.1300, et seq. - Unpaid Dial-Around Compensation

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities /Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI(405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV08-01357


American LegalNet, Inc. www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Victorville, CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ____ **Date** 2/26/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |


American LegalNet, Inc. www.USCourtForms.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV08- 1357 ODW (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.